FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SERGEY L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 2:24-CV-00125-SAB <br><br> **ORDER AFFIRMING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by David Lybbert. The Commissioner is represented by Jacob Phillips and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 7, and the Commissioner's Brief, ECF No. 11.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.    Jurisdiction**

Previously, this Court granted Plaintiff's appeal of the denial of his 2014 Application for Supplemental Security Income and remanded for further proceedings. The ALJ held additional proceedings and issued an order in 2021

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~1

finding that Plaintiff was not disabled. Plaintiff appealed that decision and the Appeals Council remanded the case to the ALJ for further proceedings.

On August 18, 2023, the ALJ issued a decision finding that Plaintiff was not disabled since May 14, 2014. Plaintiff requested review by the Appeals Council, and it denied the request on March 8, 2024. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal on April 16, 2024. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~2**

activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~3**

economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 4

2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. The Court notes that the record is over 7,000 pages. Only the most relevant facts are summarized here.

At the time of the 2023 hearing, Plaintiff was 49 years old He was born in Ukraine. Although he speaks English, he uses interpreters to communicate with his medical providers and at the ALJ hearings. He immigrated to the United States around the age of 20.

Plaintiff experiences back pain. He has trouble walking and trouble sleeping. There are days where the symptoms are so severe that he cannot perform even his household chores. At the hearing, he stated he could lift 15 lbs. On good days, he could go grocery shopping.

Throughout his treatment, Plaintiff has been generally uncooperative when he presents for treatment and exhibits an hostile attitude. Plaintiff has been diagnosed with intermittent explosive disorder, although Plaintiff states that he can get along with others and he interacts with friends.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 1422-1442. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 14, 2014, the alleged onset date. AR 1425.

At step two, the ALJ identified the following severe impairments: diabetes, obesity, degenerative disc disease of the lumbar and cervical spine, and depression. AR 1425. The ALJ found that Plaintiff's alleged cardiovascular impairments were non-severe. AR 1427.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~5**

the listed impairments. AR 1427.

At step four, the ALJ concluded that Plaintiff has an RFC to perform:

> less than the full range of light work as defined in 20 CFR 416.967(b). That is, he can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. However, he must be permitted to alternate between sitting and standing for about 5 minutes on an hourly basis while staying on task. Also, he cannot crawl, be exposed to unprotected heights, or climb ladders or scaffolds; and he can only occasionally stoop, kneel, crouch, and climb stairs. He must avoid jobs requiring fluency in English, and he can perform only simple, routine, and unskilled tasks with a Specific Vocational Preparation (SVP) level of 2 or less.

AR 1430.

The ALJ found that Plaintiff had no past relevant work. AR 1441. At Step Five, the ALJ found that Plaintiff could perform the requirements of representative occupations such as collator, shirt cuff folder, and photocopy machine operator. Consequently, the ALJ found that Plaintiff was not disabled. AR 1442.

## VI. Issues

1. Whether the ALJ properly evaluated the medical opinion evidence.
2. Whether the ALJ properly evaluated Plaintiff's subjective symptom allegations and limitations.
3. Whether the ALJ met its burden at Step Five.
4. Whether the ALJ properly considered the evidence in a longitudinal fashion.

## VII. Discussion

### A.  **Evaluation of the Medical Opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinions regarding Plaintiff's heart condition. As such, he asserts the ALJ erred in failing to find Plaintiff's heart condition was a severe impairment.

In evaluating medical opinion evidence, the ALJ considers the

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~6**

persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:
> (1) Supportability.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) Consistency.
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

Plaintiff argues the ALJ erred in failing to find that Plaintiff had a medically determinable heart impairment at Step Two.

At step two, the claimant bears the burden of establishing that she has a severe impairment by providing medical evidence. 20 C.F.R. §§ 404.1512, 416.912. An impairment or combination of impairments is "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~7

an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original) (citation omitted). The ALJ is required to consider the combined effect of all the claimant's impairments on her ability to function. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Thus, if the ALJ determines that a claimant has any severe impairment at step two, the sequential analysis proceeds and the ALJ must continue to consider all of the claimant's limitations, severe or not. Social Security Rule ("SSR") 96-8p, available at 1996 WL 374184; *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). When an ALJ fails to identify a severe impairment at step two, but nonetheless considers at subsequent steps all of the claimant's impairments, including the erroneously omitted severe impairment, the error at step two is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Here, substantial evidence supports the ALJ's step-two findings. Notwithstanding Plaintiff's trips to the ER regarding chest pain, the record does not contain any diagnoses with respect to Plaintiff's complaints of chest pain. As Dr. Thompson pointed out, the record was devoid of any no cardiac diagnoses, there was no evidence of valvular disease, and no myocardial wall movement. Plaintiff has not identified any diagnosis based on medical signs or laboratory findings from an acceptable medical source establishing that he had a medically determinable heart or chest condition. There is nothing in the record to suggest that his episodes of chest pains more than minimally affected Plaintiff's ability to perform basic work activities.

More importantly, Plaintiff has not identified a functional limitation that the ALJ failed to consider in the sequential analysis; thus, even assuming the ALJ erred at step two, that error would have been harmless.

B. **Plaintiff's Subjective Complaints**

Plaintiff argues the ALJ erred in discounting Plaintiff's subjective symptoms.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 8**

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ noted that the imaging of Plaintiff's lumbar spine revealed deficits that were largely described as stable, minimal, mild, moderate and slightly progressed. And the same was true of the cervical spine imaging, which showed deficits described as mild, moderate, and with some interval progression. The ALJ concluded these deficits that were never more than moderate and have not progressed any more than slightly or "some" over the course of several years are inconsistent with the inability to perform light exertional activities with postural limitations.

The ALJ also noted that treatment notes were inconsistent with Plaintiff's alleged severity of his limitations. The ALJ noted that Plaintiff presented on numerous occasions with complaints of back pain, but he rarely had physical examinations deficits and when he did, there were typically only tenderness and/or limited range of motion in the spine.

The ALJ found that Plaintiff's recent reports that he could lift 15 pounds and

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~9

walk one mile, and the numerous reports that he rode his bike support a finding that Plaintiff can perform the activities identified in the RFC. The ALJ also pointed out Plaintiff's inconsistent statements regarding his symptoms.

Finally, the ALJ noted that Plaintiff's treatment has been rather conservative despite countless presentations to the emergency room. The ALJ noted that Plaintiff has frequently been non-compliant with treatment recommendations, and he continues to smoke daily.

The ALJ articulate clear and convincing reasons for discounting Plaintiff's symptoms and credibility, and, thus, the ALJ's conclusions are supported by substantial evidence, based on the record as a whole. The ALJ reasonably relied on activities that contradicted Plaintiff's claims of debilitating impairment, and the ALJ did not need to show that Plaintiff's activities equated to full time work or required transferable skills.

### C.    Step Five Analysis

Plaintiff argues the ALJ erred in determining his residual functional capacity because the ALJ ignored significant evidence of more severe impairments than included in ALJ RFC assessment and hypothetical question to the vocational expert, this renders the Commissioner's step five determination invalid. He asserts the ALJ failed to include the marked impairments identified by the examining experts as well as consideration of multiple other conditions that have been shown to be severe impairments not considered at all in the hypothetical questions in 2015. He maintains there were multiple severe impairments that were not included in the hypothetical questions posed to the vocational expert in 2015. That said, Plaintiff failed to identify specifically which marked impairments should have been included in the RFC.

Plaintiff's arguments fail for two reasons. First, the ALJ did not adopt the vocational testimony from 2015. Instead, it relied on vocational expert testimony from the hearing in 2023. Second, the ALJ did not give weight to the testimony

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~10

that found the marked limitations. It explained why opinions assessing marked limitations were not convincing; explained why other psychological opinions finding that Plaintiff retained considerable ability to function within the bounds of the RFC assessment deserved greater weigh; and explained why certain medically determinable impairments were not severe. The ALJ was not required to include limitations grounded in evidence that ALJ did not find credible. Consequently, Plaintiff fails to show the ALJ erred at step five.

### D.    Review of Longitudinal Record

Plaintiff argues the ALJ erred by not considering the evidence in a longitudinal fashion. Plaintiff assertions are not well-taken. The ALJ assessed the lengthy record that contained mixed findings. The ALJ reviewed the record and noted consistently normal objective findings throughout the relevant period. The ALJ considered the entire record, highlighting both positive and negative findings. And the record as a whole reflected imaging showing mild or moderate findings, and examinations generally showed that Plaintiff generally maintained good strength normal range of motion and motor function, normal musculoskeletal function, and he walked normally. The ALJ explained why assessments from various providers Plaintiff cites were entitled less weight, and Plaintiff offers no argument that the ALJ's rationale as to those opinions was erroneous.

Notably, Plaintiff has not challenge the ALJ's assessment of the evidence; he simply points to evidence in the records that he believes could support an alternative interpretation. However, in this case substantial evidence supports the ALJ's decision and the Court must defer to the ALJ's assessment.

//
//
//
//
//

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~11

## VIII. Conclusion

The ALJ properly evaluated the medical opinion evidence and Plaintiff's testimony and properly found that Plaintiff was not disabled.

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 9, is **DENIED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 11, is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED.**

4. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 9th day of January 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~12